(No. 93221.—

(No. 93363.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee and Cross-Appellant, v. CHRISTOPHER LEE, Appellant and Cross-Appellee.

*Opinion filed August 21, 2003.*

KILBRIDE, J., dissenting.

Robert J. Agostinelli, Deputy Defender, and Carrie B. Marche and Donna K. Kelly, Assistant Defenders, of the Office of the State Appellate Defender, of Ottawa, for appellant and cross-appellee.

James E. Ryan, Attorney General, of Springfield, and Stewart J. Umholtz, State's Attorney, of Pekin (Joel D. Bertocchi, Solicitor General, William L. Browers and Domenica A. Osterberger, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and Rita Kennedy Mertel, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

CHIEF JUSTICE McMORROW delivered the opinion of the court:

The principal question presented in these consolidated appeals is whether a postconviction petitioner may raise a claim based on *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), in a successive postconviction petition. In light of our recent decision in *People v. De La Paz*, 204 Ill. 2d 426 (2003), we answer this question in the negative.

## BACKGROUND

On January 27, 1988, the defendant, Christopher Lee,

was found guilty of first degree murder by a jury in the circuit court of Tazewell County. At defendant's sentencing hearing, the circuit court found that the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3.2(b)(2). Based on this finding, defendant was sentenced to an extended-term sentence of 80 years' imprisonment. See Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2(a)(1). Defendant's conviction and sentence were affirmed on direct appeal. *People v. Lee*, No. 3—89—0145 (1990) (unpublished order under Supreme Court Rule 23).

On September 12, 1994, defendant filed his first petition for postconviction relief. The State filed a motion to dismiss the petition as untimely, which was granted by the circuit court. On appeal, the appellate court affirmed the dismissal. *People v. Lee*, 292 Ill. App. 3d 941 (1997).

On August 10, 2000, defendant filed a second postconviction petition. In this petition, which is the subject of the instant appeal, defendant argued that his extended-term sentence was unconstitutional under *Apprendi* because the aggravating factor on which the extended term sentence was based, *i.e.*, exceptionally brutal and heinous behavior, was not found beyond a reasonable doubt by a jury. The circuit court summarily dismissed the petition.

The appellate court reversed the dismissal. 326 Ill. App. 3d 882. The appellate court initially concluded that, although defendant's *Apprendi* claim was raised in a successive postconviction petition, the claim was neither untimely nor procedurally barred by waiver and *res judicata* because defendant could not have presented the claim in any earlier proceeding. The court also concluded that *Apprendi* applied retroactively to cases on collateral review and, further, that defendant's extended-term sentence violated the constitutional requirements of *Ap-*

4

*prendi*. Finally, relying on the authority provided by Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), the appellate court reduced defendant's sentence to the maximum nonextended term of 60 years' imprisonment.

Defendant filed a petition for leave to appeal from that part of the appellate court's judgment which modified defendant's sentence to a term of 60 years' imprisonment. 177 Ill. 2d R. 315. The petition was allowed and the case was docketed in this court as cause No. 93221. The State filed a petition for leave to appeal from that portion of the appellate court's judgment which reversed the circuit court's dismissal of defendant's postconviction petition. The State's petition for leave to appeal was also allowed and the case was docketed as cause No. 93363. The two cases were consolidated for review.

### ANALYSIS

In cause No. 93221, defendant contends that the appellate court erred in reducing his sentence to the maximum nonextended term available. According to defendant, once the appellate court concluded that his *Apprendi* claim was meritorious, the court should have remanded the cause to the circuit court for resentencing. In cause No. 93363, the State contends that the appellate court erred in reversing the circuit court's dismissal of defendant's postconviction petition. In the view of the State, defendant's *Apprendi* claim is procedurally barred from consideration on the merits and, therefore, defendant's petition was properly dismissed.

A decision in favor of the State in its appeal would necessarily render defendant's appeal moot. Accordingly, we first consider the appeal in cause No. 93363.

### Cause No. 93363

The Post-Conviction Hearing Act prohibits the filing of successive postconviction petitions. 725 ILCS 5/122—3 (West 1994). See *People v. Flores*, 153 Ill. 2d 264, 273

(1992) ("The Post-Conviction Hearing Act contemplates the filing of only one post-conviction petition"), citing *People v. Free*, 122 Ill. 2d 367, 375 (1988). However, the statutory bar to a successive postconviction petition will be relaxed when fundamental fairness so requires. *Flores*, 153 Ill. 2d at 274. To establish that fundamental fairness requires that a successive postconviction petition be considered on the merits, the defendant must show both cause and prejudice with respect to each claim presented. See *People v. Pitsonbarger*, 205 Ill. 2d 444 (2002). "For purposes of this test, 'cause' is further defined as some objective factor external to the defense that impeded counsel's efforts to raise the claim in an earlier proceeding, and 'prejudice' is defined as an error which so infected the entire trial that the resulting conviction violates due process. *Flores*, 153 Ill. 2d at 279." *People v. Jones*, 191 Ill. 2d 194, 199 (2000). In the case at bar, defendant cannot satisfy the prejudice prong of the cause and prejudice test.

Defendant was sentenced to an extended term of imprisonment in 1988. *Apprendi* was decided in 2000. Defendant's extended-term sentence would be invalid, and defendant would suffer prejudice, only if the rule announced in *Apprendi* applied retroactively to the sentencing proceedings conducted in 1988. However, we have recently held, in *De La Paz*, 204 Ill. 2d 426, that "*Apprendi* does not apply retroactively to causes in which the direct appeal process had concluded at the time that *Apprendi* was decided." *De La Paz*, 204 Ill. 2d at 429. Defendant therefore cannot establish prejudice in this case. Accordingly, defendant's *Apprendi* claim is procedurally barred from consideration and the appellate court erred in reversing the circuit court's dismissal of defendant's second postconviction petition.

Cause No. 93221

In light of our disposition of the State's appeal in

6

cause No. 93363, defendant's appeal in cause No. 93221 is rendered moot. We therefore dismiss defendant's appeal as moot. See, *e.g.*, *In re H.G.*, 197 Ill. 2d 317, 336 (2001).

## CONCLUSION

For the forgoing reasons, in cause No. 93363, the judgment of the appellate court reversing the circuit's court's dismissal of defendant's postconviction petition is reversed. The judgment of the circuit court is affirmed. The appeal in cause No. 93221 is dismissed as moot.

*No. 93363—Appellate court reversed;*
*circuit court affirmed.*
*No. 93221—Appeal dismissed.*

JUSTICE KILBRIDE, dissenting:

For the reasons set forth in my partial concurrence and partial dissent in *People v. De La Paz*, 204 Ill. 2d 426 (2003), I disagree with the majority's conclusion that defendant cannot avail himself of the United States Supreme Court's holding in *Apprendi*. The requirement that each element necessary to prove a crime be submitted to the trier of fact for proof beyond a reasonable doubt has been in place for at least two centuries. See *De La Paz*, 204 Ill. 2d at 454-55 (Kilbride, J., concurring in part and dissenting in part), citing *In re Winship*, 397 U.S. 358, 361, 25 L. Ed. 2d 368, 373-74, 90 S. Ct. 1068, 1071 (1970) (though expressed from ancient times, the "beyond a reasonable doubt" standard seems to have developed by 1798 and is now the accepted " 'measure of persuasion by which the prosecution must [prove] all the essential elements of guilt,' " quoting C. McCormick, Evidence § 321, at 681-82 (1954)). I continue to believe that the failure to comply with this basic tenet of constitutional law is an error so injurious to our fundamental civil liberties that no sentence meted out in derogation of *Apprendi* should be allowed to stand. See

*People v. Swift*, 202 Ill. 2d 378, 392 (2002) (finding that defendant's crime was brutal and heinous unconstitutionally made by a trial judge); *People v. Thurow*, 203 Ill. 2d 352, 378 (2003) (Kilbride, J., dissenting); *People v. Crespo*, 203 Ill. 2d 335, 351 (2003) (Kilbride, J., dissenting). Accordingly, I respectfully dissent.