# Illinois Official Reports

## Appellate Court

***People v. Crenshaw*, 2015 IL App (4th) 131035**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL E. CRENSHAW, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-1035 |
| Filed | September 9, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Brown County, No. 09-CF-5; the Hon. Diane M. Lagoski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and Sherry R. Silvern, all of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Mark J. Vincent, State's Attorney, of Mt. Sterling (Patrick Delfino, David J. Robinson, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE TURNER delivered the judgment of the court, with opinion.<br>Presiding Justice Pope and Justice Steigmann concurred in the judgment and opinion. |

¶ 1      In October 2009, the trial court found defendant, Michael E. Crenshaw, guilty of criminal sexual assault. In November 2009, the court sentenced him to eight years in prison. This court affirmed defendant's conviction and sentence on direct appeal. In March 2010, defendant filed a *pro se* petition for postconviction relief, which the trial court denied. This court affirmed the trial court's judgment. In December 2012, defendant filed a *pro se* petition for leave to file a successive postconviction petition. In November 2013, the trial court denied defendant leave to file the successive postconviction petition.

¶ 2      On appeal, defendant argues the trial court erred in denying his petition to file a successive postconviction petition. We affirm.

¶ 3                          I. BACKGROUND

¶ 4      Because the parties are familiar with the facts of the underlying case, we will set forth only those facts necessary to address the issues in this appeal. In February 2009, the State charged defendant by information with one count of criminal sexual assault (720 ILCS 5/12-13(a)(3) (West 2008)), alleging he committed an act of sexual penetration with H.H. who was then 15 years old and a family member.

¶ 5      In October 2009, defendant's bench trial commenced before Judge Diane Lagoski. Prior to the start of trial, during arguments on a motion *in limine* concerning the use of witness testimony pertaining to statements made by the victim, Judge Lagoski indicated she had looked at the list of witnesses and stated as follows:

> "I want to make sure everybody is aware of this–there is a witness subpoenaed who I suspect falls right into this category. Looks like it probably would have been a school friend. And I need to tell you that she and her family are friends of mine. She has been in and out of my house since she was born. I've probably given her a Christmas present every year. And I didn't know that until I looked at the subpoenas that are out there. It's [C.H.] I don't know that it matters, but I needed to make sure everybody knew that. So she may not testify. I don't know that she will testify. But I just suspect that she would be one of the people who's going to do exactly what [the prosecutor] just suggested."

At trial, C.H. testified she had known H.H. since the second grade. On the date of the alleged sexual assault, H.H. pulled C.H. into a high school bathroom. Over defense counsel's objection, C.H. stated H.H. told her that she had been sexually assaulted.

¶ 6      Following the close of evidence and closing arguments, the trial court found defendant guilty. In November 2009, defendant filed a motion for a new trial, which the court denied. Thereafter, the court sentenced defendant to eight years in prison.

¶ 7      On direct appeal, defendant argued the trial court erred in (1) denying his motion to suppress his confession, (2) admitting H.H.'s cell phone recording of the alleged sexual assault, and (3) imposing an excessive sentence. *People v. Crenshaw*, 2011 IL App (4th) 090908, ¶ 13, 959 N.E.2d 703 (*Crenshaw I*). This court affirmed his conviction and sentence. *Crenshaw I*, 2011 IL App (4th) 090908, ¶ 26, 959 N.E.2d 703.

¶ 8        While his direct appeal was pending, in March 2010, defendant filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-8 (West 2008)). Defendant alleged he was denied due process when Judge Lagoski failed to recuse herself from his criminal trial when she was presiding over the divorce case between defendant and his wife at the same time. Defendant also claimed Judge Lagoski had a conflict of interest where one of the prosecution witnesses was the granddaughter of the judge's secretary (later stated to be the judge's housekeeper). Defendant argued his rights were violated by hearsay testimony being admitted from witnesses over his objection. Defendant also included several allegations of ineffective assistance of trial counsel and stated there was newly discovered evidence.

¶ 9        The trial court appointed counsel to represent defendant on his petition. In October 2010, counsel filed an amended postconviction petition. The petition raised issues involving judicial error, ineffective assistance of counsel, and newly discovered evidence. Defendant claimed the trial judge should have recused herself because one of the State's witnesses was a family friend for whom the judge had purchased gifts, thereby creating an appearance of impropriety, "especially in light of the evidence in this case," where the judge placed more credence on live testimony than the lack of any physical evidence. The petition also alleged the judge erred in not advising defendant of the maximum penalties for the charged offense and that it was nonprobationable. Had defendant known probation was not an option, he "may have changed his mind as to whether to accept a plea negotiation or go to trial."

¶ 10        In November 2010, Judge Lagoski entered a partial dismissal of the amended postconviction petition, discharging several claims. However, she found defendant's ineffective-assistance claim regarding counsel's failure to admonish defendant he would be ineligible for probation if found guilty alleged a possible constitutional violation that would warrant relief.

¶ 11        In February 2011, the State filed an answer, and the evidentiary hearing followed. After hearing evidence and argument, Judge Lagoski acknowledged defendant had been admonished as to the potential sentencing range for the Class 1 felony, but she never used the terms "nonprobationable" or "probationable." However, Judge Lagoski found defendant was not prejudiced by not knowing he would be ineligible for probation if convicted because he would have rejected any plea that required him to admit guilt. Judge Lagoski found defendant had not met his burden and denied the amended petition.

¶ 12        On appeal from the denial of the amended petition, appellate counsel argued the trial court erred in rejecting his claim that trial counsel rendered ineffective assistance by failing to advise him probation was not available for the offense, affecting his willingness to engage in plea negotiations. This court affirmed the trial court's judgment. *People v. Crenshaw*, 2012 IL App (4th) 110202, ¶ 18, 974 N.E.2d 1002 (*Crenshaw II*).

¶ 13        In December 2012, defendant filed a *pro se* motion for substitution of judge, a petition for leave to file a successive postconviction petition, and the successive postconviction petition. In his petition for leave to file, defendant alleged appointed postconviction counsel was ineffective for not making the necessary amendments to his postconviction petition, including adding a claim of ineffective assistance of appellate counsel.

¶ 14        In January 2013, Judge Robert Adrian conducted a hearing on the motion for substitution of judge. In denying the motion, Judge Adrian found defendant had "not presented sufficient evidence to show that Judge Lagoski could not hear the case or any further proceedings therein because of bias or prejudice."

¶ 15    In June 2013, the State filed a motion to dismiss the successive postconviction petition, stating defendant did not obtain leave of court prior to filing the successive petition. On the same day, Judge Lagoski granted the motion to dismiss. Thereafter, defendant filed a motion to reconsider. In August 2013, defendant filed a second motion for a hearing, claiming his motion to reconsider had not been ruled on. The State responded with a motion to have defendant's pleadings found frivolous and require him to pay costs. In September 2013, defendant filed a third motion for a hearing. At a hearing, Judge Lagoski decided to "undismiss" defendant's case, granted the motion to reconsider, and set the matter for a hearing on whether the successive postconviction petition could be filed.

¶ 16    Following the hearing, defendant filed a *pro se* petition for leave of court to file an amended successive postconviction petition. Defendant alleged he met the cause-and-prejudice test in that postconviction counsel was ineffective under Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012) in failing to examine the record of the trial proceedings, to make any amendments necessary to the postconviction petition, or to amend the initial *pro se* postconviction petition to include a claim of ineffective assistance of appellate counsel.

¶ 17    Along with the petition for leave to file, defendant attached the amended successive postconviction petition, consisting of over 100 handwritten pages and nearly 50 pages of exhibits. Among a host of issues, defendant claimed postconviction counsel (1) was ineffective for failing to comply with Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012) by failing to review the record or amend the initial postconviction petition, (2) failed to amend the initial postconviction petition to include issues of ineffective assistance of appellate counsel, (3) failed to adequately review the record and amend the initial postconviction petition to include the claim that trial counsel misled defendant on whether there could be a substitution of judge, (4) failed to amend the initial postconviction petition to include a claim of ineffective assistance of appellate counsel on the issue of judicial bias or impartiality, and (5) failed to amend the petition to include a claim that appellate counsel was ineffective for not raising the issue of the insufficiency of the evidence.

¶ 18    In November 2013, the trial court heard arguments on the petition for leave to file the amended successive postconviction petition. The State renewed its motion to dismiss. The court denied leave to file the successive postconviction petition. This appeal followed.

¶ 19                                II. ANALYSIS
¶ 20           A. Petition for Leave to File a Successive Postconviction Petition
¶ 21    Defendant argues the denial of his petition seeking leave to file a successive postconviction petition must be vacated and the matter remanded because the State filed a motion to dismiss and actively argued against his petition. We disagree.

¶ 22                        1. *The Initial Postconviction Petition*
¶ 23    The Act "provides a mechanism for criminal defendants to challenge their convictions or sentences based on a substantial violation of their rights under the federal or state constitutions." *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The

defendant must show he suffered a substantial deprivation of his federal or state constitutional rights. *People v. Caballero*, 228 Ill. 2d 79, 83, 885 N.E.2d 1044, 1046 (2008).

¶ 24    The Act establishes a three-stage process for adjudicating a postconviction petition. *English*, 2013 IL 112890, ¶ 23, 987 N.E.2d 371. At the first stage, the trial court must review the postconviction petition and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2012). "In considering a petition pursuant to [section 122-2.1 of the Act], the [trial] court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding[,] and any transcripts of such proceeding." 725 ILCS 5/122-2.1(c) (West 2012). "The circuit court's review at this first stage is independent, as the Act does not permit any further pleadings from the defendant, or any motions, responsive pleadings, or other input from the State." *People v. Jones*, 211 Ill. 2d 140, 144, 809 N.E.2d 1233, 1236 (2004) (citing *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996)). However, the supreme court has held a reversal of a first-stage dismissal is not required when the State files a premature motion to dismiss, "[w]here the record gives no indication that the trial judge sought input from the State or relied on the motion to dismiss." *Gaultney*, 174 Ill. 2d at 420, 675 N.E.2d at 107.

¶ 25    If the petition is not dismissed at the first stage, it advances to the second stage. 725 ILCS 5/122-2.1(b) (West 2012). At the second stage, the trial court may appoint counsel, who may amend the petition to ensure defendant's contentions are adequately presented. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006); 725 ILCS 5/122-4 (West 2012). Also at the second stage, the State may file an answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2012). "No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party." 725 ILCS 5/122-5 (West 2012). A petition may be dismissed at the second stage "only when the allegations in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation." *People v. Hall*, 217 Ill. 2d 324, 334, 841 N.E.2d 913, 920 (2005). If a constitutional violation is established, "the petition proceeds to the third stage for an evidentiary hearing." *People v. Harris*, 224 Ill. 2d 115, 126, 862 N.E.2d 960, 967 (2007); 725 ILCS 5/122-6 (West 2012).

¶ 26                        2. *The Successive Postconviction Petition*

¶ 27    Consistent with the above principles, the "Act generally contemplates the filing of only one postconviction petition." *People v. Ortiz*, 235 Ill. 2d 319, 328, 919 N.E.2d 941, 947 (2009). The Act expressly provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2012); see also *People v. Pitsonbarger*, 205 Ill. 2d 444, 458, 793 N.E.2d 609, 620-21 (2002) (stating "the procedural bar of waiver is not merely a principle of judicial administration; it is an express requirement of the statute"). A defendant faces "immense procedural default hurdles when bringing a successive post-conviction petition," which "are lowered in very limited circumstances" as successive petitions "plague the finality of criminal litigation." *People v. Tenner*, 206 Ill. 2d 381, 392, 794 N.E.2d 238, 245 (2002). However, our supreme court has found "the statutory bar to a successive postconviction petition will be relaxed when fundamental fairness so requires." *People v. Lee*, 207 Ill. 2d 1, 5, 796 N.E.2d 1021, 1023 (2003).

¶ 28    A successive postconviction petition may only be filed if leave of court is granted. 725 ILCS 5/122-1(f) (West 2012); see also *People v. LaPointe*, 227 Ill. 2d 39, 44, 879 N.E.2d 275, 278 (2007) (stating a second postconviction petition will not be considered filed until leave to file is expressly granted by the trial court). "Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." 725 ILCS 5/122-1(f) (West 2012). "[A] successive petition 'is not considered "filed" for purposes of section 122-1(f), and further proceedings will not follow, until leave is granted, a determination dependent upon a defendant's satisfaction of the cause-and-prejudice test.' " *People v. Edwards*, 2012 IL App (1st) 091651, ¶ 19, 966 N.E.2d 417 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 161, 923 N.E.2d 728, 734 (2010)). Both prongs of the cause-and-prejudice test must be satisfied for a defendant to prevail. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909; see also *Lee*, 207 Ill. 2d at 5, 796 N.E.2d at 1023 (stating to establish fundamental fairness, "the defendant must show both cause and prejudice with respect to each claim presented").

¶ 29    Defendant argues when a *pro se* petitioner seeks leave to file a successive petition, the State should not be allowed to have any input, but it may file a motion to dismiss or a responsive pleading only after leave to file the successive petition is granted, the petition has moved to stage two, and counsel has been appointed. The appellate prosecutor argues the State is permitted to participate in successive postconviction proceedings at the stage where defendant is seeking leave to file.

¶ 30    Defendant relies, in part, on *People v. Smith*, 2014 IL 115946, ¶ 35, 21 N.E.3d 1172, wherein our supreme court stated "leave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." Defendant acknowledges the court has not spoken on the issue of whether the State may offer its input when a petitioner seeks leave to file a successive postconviction petition.

¶ 31    In *People v. Welch*, 392 Ill. App. 3d 948, 951, 912 N.E.2d 756, 758 (2009), the defendant, through appointed counsel, filed a motion for leave to file a successive postconviction petition. The State filed a motion to dismiss, and the trial court conducted a hearing on the motion for leave to file. *Welch*, 392 Ill. App. 3d at 951, 912 N.E.2d at 758. Following arguments, the court denied the motion for leave to file. *Welch*, 392 Ill. App. 3d at 951, 912 N.E.2d at 759.

¶ 32    On appeal, the Third District considered the issue of "whether the trial court improperly allowed input by the State when it considered [the defendant's] motion for leave to file his successive petition." *Welch*, 392 Ill. App. 3d at 955, 912 N.E.2d at 762. The Third District stated, in part, as follows:

> "In the instant case, the record indicates that both parties participated in arguments regarding [the defendant's] motion for leave to file his successive petition. [The defendant's] counsel expressly stated that he was not seeking a hearing on the merits of the petition but was requesting leave based on fundamental fairness principles. The State responded that the severance issue raised in the successive petition had been determined in prior proceedings. The parties have not offered, and we have not found, any authority prohibiting input from the State at this stage of postconviction proceedings." *Welch*, 392 Ill. App. 3d at 955, 912 N.E.2d at 762.

The Third District found no error in the trial court's determination that the defendant had failed to satisfy the cause-and-prejudice test. *Welch*, 392 Ill. App. 3d at 955, 912 N.E.2d at 762.

¶ 33 We agree with the Third District's finding that the State is not prohibited from providing its input at the motion stage. The State's participation at this stage is consistent with the general principle that only one postconviction petition may be filed by a petitioner without leave of court. 725 ILCS 5/122-1(f) (West 2012). Defendant's attempt to impart first-stage prohibitions to the motion stage is unavailing, as our supreme court has made clear that " 'treating successive petitions the same as initial petitions *** ignores the well-settled rule that successive postconviction actions are disfavored by Illinois courts.' " *Smith*, 2014 IL 115946, ¶ 31, 21 N.E.3d 1172 (quoting *People v. Edwards*, 2012 IL 111711, ¶ 29, 969 N.E.2d 829). Moreover, the State has an interest in the finality of criminal litigation. The State's input can offer assistance to the trial court in making its decision whether to grant leave–assistance that may prove helpful given the issues raised and the passage of time, the latter evinced in this case by the nearly three years that elapsed between the filing of the amended postconviction petition and the petition for leave to file a successive petition.

¶ 34 While the supreme court has not spoken on this precise issue and the pertinent sections of the Act do not prohibit input from the State at the motion stage, defendant points out the General Assembly has considered possible changes to the law. In the ninety-eighth General Assembly, the House passed an amended version of section 122-1(f) of the Act, which provided, in part, as follows:

"Only one petition may be filed by a petitioner under this Article without leave of court. The determination as to whether to grant leave of court shall be made prior to or contemporaneously with any order made under paragraph (2) of subsection (a) or subsection (b) of Section 122-2.1 *without pleadings from the State*. Leave of court may 8be granted if a petitioner demonstrates:

(1) cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure; or

(2) that there has been a fundamental miscarriage of justice." (Emphasis added.) 98th Ill. Gen. Assem., House Bill 2961, 2013 Sess.

The appellate defender dutifully notes the bill proceeded to the Senate, where it was re-referred to committee on amendment number one. On December 4, 2013, the bill ended in the House *sine die*.

¶ 35 Defendant argues the trial court's actions in allowing the State to participate here were contrary to the General Assembly's proposed intent. However, the legislature's "proposed intent" is not the law, and we will not attempt to predict the future intent of the General Assembly from the scraps on the cutting room floor. Until such time as our supreme court or the legislature says otherwise, we find nothing prevents the State from providing its input on a defendant's motion for leave to file a successive postconviction petition.

¶ 36 B. Denial of Leave to File a Successive Postconviction Petition

¶ 37 Defendant argues he satisfied the cause-and-prejudice test and thus this court should reverse the trial court's decision to deny him leave to file his successive postconviction petition. We disagree.

- 7 -

¶ 38    As stated, leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring a claim in his or her initial postconviction proceedings and prejudice results from that failure. 725 ILCS 5/122-1(f) (West 2012).

> "To show cause, a defendant must identify 'an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings.' [Citation.] To show prejudice, a defendant must demonstrate 'that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.' [Citation.]" *People v. Evans*, 2013 IL 113471, ¶ 10, 989 N.E.2d 1096.

"Where a defendant fails to first satisfy the requirements under section 122-1(f), a reviewing court does not reach the merits or consider whether his successive postconviction petition states the gist of a constitutional claim." *Welch*, 392 Ill. App. 3d at 955, 912 N.E.2d at 762. This court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 39    In his petition for leave to file an amended postconviction petition, defendant claimed appointed postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. Apr. 26, 2012) by not examining the record of the trial proceedings and not making any necessary amendments to the amended postconviction petition. Now on appeal, defendant argues counsel failed to include his claim that Judge Lagoski "gained facts from the divorce proceedings that influenced her decision in the criminal matter." Further, defendant argues that, had counsel adequately reviewed the trial transcripts and record, he would have amended the postconviction petition to include an issue of judicial conflict and bias as well as ineffective assistance of appellate counsel for not raising the judicial-impropriety issue on direct appeal.

¶ 40    In the case *sub judice*, defendant attempts to establish cause simply with the bare allegation that postconviction counsel failed to comply with Rule 651(c). A defendant's right to postconviction counsel is statutory and not constitutional. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007); 725 ILCS 5/122-4 (West 2012). Moreover, the Act requires postconviction counsel to provide a "reasonable level of assistance" to a defendant. *People v. Moore*, 189 Ill. 2d 521, 541, 727 N.E.2d 348, 358-59 (2000). To ensure a postconviction petitioner receives that reasonable level of assistance, Rule 651(c) imposes specific duties on postconviction counsel. *Suarez*, 224 Ill. 2d at 42, 862 N.E.2d at 979. The rule requires that postconviction counsel consult with the defendant to ascertain his contentions of the deprivation of constitutional rights, examine the record of the proceedings at trial, and make any amendments to the defendant's *pro se* petition that are necessary for an adequate presentation of his contentions. Ill. S. Ct. R. 651(c) (eff. Apr. 26, 2012).

¶ 41    Compliance with Rule 651(c) may be shown by the filing of a certificate representing counsel has fulfilled his duties. *People v. Perkins*, 229 Ill. 2d 34, 50, 890 N.E.2d 398, 407 (2007). "The filing of a Rule 651(c) certificate creates a presumption of compliance with the rule." *People v. Bell*, 2014 IL App (3d) 120637, ¶ 10, 16 N.E.3d 910 (citing *People v. Mendoza*, 402 Ill. App. 3d 808, 931 N.E.2d 703 (2010)).

¶ 42    Here, postconviction counsel filed a Rule 651(c) certificate specifically stating he satisfied the requirements. However, defendant claims counsel never explicitly stated he read the transcripts, and had counsel reviewed the transcripts, he would have been aware of Judge

Lagoski presiding over the divorce case and included an issue of judicial conflict or bias in the amended postconviction petition.

¶ 43 Defendant's claim has no merit. That counsel may not have raised every single issue set forth in defendant's *pro se* postconviction petition does not amount to unreasonable assistance. Moreover, counsel is not required "to advance frivolous or spurious claims on defendant's behalf." *People v. Greer*, 212 Ill. 2d 192, 205, 817 N.E.2d 511, 519 (2004). To amend a petition in a manner that only furthers a frivolous or patently nonmeritorious claim would appear to violate Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994). *Greer*, 212 Ill. 2d at 205, 817 N.E.2d at 519-20. Defendant has failed to provide any specific examples of bias on the part of Judge Lagoski due to her presiding over both proceedings. As defendant failed to rebut the presumption that counsel complied with Rule 651(c), he also failed to establish the cause prong of the cause-and-prejudice test.

¶ 44 Defendant also cannot meet the prejudice prong of the cause-and-prejudice test. Nothing in the record indicates Judge Lagoski relied on any information derived from the divorce case to the detriment of defendant at his criminal trial, and defendant fails to identify any instances suggesting bias or prejudice on the part of Judge Lagoski. Had counsel raised the issue in the amended postconviction petition, it would have been denied. Thus, defendant has failed to demonstrate this claim not raised in the initial postconviction proceeding so infected the trial that the resulting conviction violated due process.

¶ 45 We hold the trial court correctly denied defendant leave to file his successive postconviction petition because he did not meet the requirements of section 122-1(f). 725 ILCS 5/122-1(f) (West 2012). We therefore do not reach the merits of defendant's successive petition as it was not considered filed. See *LaPointe*, 227 Ill. 2d at 44, 879 N.E.2d at 278.

¶ 46                                   III. CONCLUSION

¶ 47 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 48 Affirmed.