NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200108-U

NO. 4-20-0108

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 27, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| NATHANIEL N. WHITE, | ) | No. 02CF1611 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's successive postconviction petition is affirmed.

¶ 2    Defendant, Nathaniel N. White, appeals the trial court's dismissal of his

successive postconviction petition. On appeal, the Office of the State Appellate Defender

(OSAD) was appointed to represent him. OSAD has filed a motion to withdraw as appellate

counsel, alleging an appeal would be frivolous. Defendant has not filed a response to OSAD's

motion. For the following reasons, we grant OSAD's motion and affirm the trial court's

judgment.

¶ 3                                    I. BACKGROUND

¶ 4        On direct appeal, this court previously set forth all of the relevant facts involved in this case. We reiterate only the facts necessary in reaching our decision below.

¶ 5                                A. Jury Trial and Direct Appeal

¶ 6        In September 2002, a grand jury indicted defendant, who was then 16 years old, with five counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2002)), alleging defendant "struck, kicked, and strangled" Robert James Nash to death.

¶ 7        In March 2003, a jury found defendant guilty of first degree murder. In April 2003, the trial court sentenced defendant to 27 years' imprisonment. In May 2003, defendant filed a notice of direct appeal. On direct appeal, defendant argued (1) the State failed to prove him guilty beyond a reasonable doubt, (2) his trial counsel was ineffective, and (3) his 27-year sentence was excessive. In December 2004, this court affirmed defendant's conviction. *People v. White*, No. 4-03-0458 (2004) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8                                B. Relevant Postconviction Proceedings

¶ 9        In June 2005, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2004)). The petition asserted (1) the trial court erred in failing to instruct the jury on the lesser-included offense of second degree murder, (2) ineffective assistance of trial and appellate counsel, and (3) defendant was denied a fair trial when one juror claimed she did not know the victim or his family when, in fact, she did.

¶ 10       Following a March 2007 evidentiary hearing, the trial court denied the petition, finding defendant "failed to establish any substantial constitutional violation in any of the issues *** in this Post-Conviction Petition." Defendant appealed, and this court subsequently affirmed

the trial court's judgment. *People v. White*, No. 4-07-0306 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11                                    C. The Instant Postconviction Petition

¶ 12          In May 2019, defendant filed a *pro se* motion for leave to file a successive postconviction petition, attaching the petition to the motion. Defendant asserted, in relevant part, his 27-year sentence violated the eighth amendment's ban on cruel and unusual punishment (U.S. Const., amend. VIII) and the Illinois Constitution's proportionate penalties clause (Ill. Const. 1970, art. I, § 11). Defendant further asserted that, in light of *People v. Othman*, 2019 IL App (1st) 150823, 143 N.E.3d 32, he was entitled to "approximately 17 years" of sentencing credit and argued "that Truth in Sentnacing [*sic*] does not meet the standards set forth in the constitution as applied to juveniles sentanced [*sic*] as adults." The trial court subsequently granted defendant's motion and appointed counsel to represent defendant.

¶ 13          In November 2019, appointed counsel filed an amended postconviction petition, arguing the Truth in Sentencing Act—section 3-6-3(a)(2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(2) (West 2018))—was unconstitutional as applied to juvenile offenders and requesting the trial court "find that [defendant] is entitled to day-for-day sentence credit under 730 ILCS 5/3-6-3(a)(2.1) [(West 2018)]." Appointed counsel also filed a Rule 651(c) certificate. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 14          In December 2019, the State filed a motion to dismiss defendant's amended petition. Citing *People v. Pacheco*, 2013 IL App (4th) 110409, 991 N.E.2d 896, the State argued the Truth in Sentencing Act was not unconstitutional as applied to defendant and further argued defendant's eighth amendment and proportionate penalties claims were meritless and procedurally barred.

¶ 15 On January 16, 2020, defendant filed a response to the State's motion to dismiss. Defendant alleged his continued imprisonment violated the eighth amendment, arguing the supreme court "recognized in *People v. Buffer*, 2019 IL 122327, ¶ 17-24, *** that the *Miller*, *Roper*, *Graham*, and *Montgomery* tetralogy stands for the principle that children are unique not only in their diminished culpability, but also in their capacity for reform and rehabilitation." Defendant further asserted "[c]ause to depart from *Pacheco* exists in this case," and argued "that *Othman* not only analyzed 730 ILCS 5/3-6-3(a)(2) as a mechanism that stripped Illinois courts of the ability to account for the special rehabilitative potential of juveniles, but also convincingly demonstrated that this drastic application to juveniles was likely unintentional."

¶ 16 On January 27, 2020, the State filed a reply in support of its motion to dismiss defendant's amended postconviction petition. The State argued defendant's reliance on *Othman* was misplaced in that, "on January 9, 2020, the Illinois Supreme Court vacated the portions of the [*Othman*] decision relating to truth in sentencing." The State further argued defendant's 27-year sentence could not implicate the eighth amendment or the proportionate penalties clause as *Buffer* clarified the constitutional framework applicable to juvenile offenders at sentencing applies only to those serving *de facto* life sentences.

¶ 17 In February 2020, a hearing was conducted on defendant's amended postconviction petition and the State's motion to dismiss. Following the parties' arguments, the trial court granted the State's motion, finding "that the truth-in-sentencing principle as applied to [defendant] is not unconstitutional."

¶ 18 This appeal followed. OSAD, appointed counsel for defendant on appeal, filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), *People v. Kuehner*, 2015 IL 117695, 32

N.E.3d 655, and *People v. Meeks*, 2016 IL App (2d) 140509, 51 N.E.3d 1109. This court granted defendant leave to file additional points and authorities on or before April 19, 2021. None have been filed.

¶ 19                                                      II. ANALYSIS

¶ 20            OSAD seeks to withdraw as counsel on appeal, asserting it can make no meritorious argument (1) section 3-6-3(a)(2) of the Unified Code is unconstitutional, as applied to defendant, under either the eighth amendment or the proportionate penalties clause and (2) defendant was denied the reasonable assistance of postconviction counsel at the second stage of proceedings.

¶ 21                                          A. Standard of Review

¶ 22            The Postconviction Act provides a criminal defendant the means to redress substantial violations of his constitutional rights which occurred in his original trial or sentencing. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 23, 38 N.E.3d 1256; 725 ILCS 5/122-1 (West 2018). The Postconviction Act contains a three-stage procedure for relief. *People v. Allen*, 2015 IL 113135, ¶ 21, 32 N.E.3d 615; 725 ILCS 5/122-2.1 (West 2018). Within the first 90 days after the petition is filed and docketed, the trial court shall dismiss a petition summarily if the court determines it is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018). If the petition is not dismissed as being frivolous or patently without merit, then the trial court (1) orders the petition to be docketed for further consideration and (2) appoints counsel if the petitioner is indigent and so requests. *Id.* § 122-2.1(b).

¶ 23            At the second stage, counsel must then investigate defendant's claims and make any amendments necessary for an adequate presentation thereof. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). The State may file a motion to dismiss the petition, and the petition advances to a

third-stage evidentiary hearing only if defendant's pleadings make a "substantial showing of a constitutional violation." *People v. Buffer*, 2019 IL 122327, ¶ 45, 137 N.E.3d 763.

¶ 24    The Illinois Supreme Court has described proceedings at the second stage as follows:

> "The second stage of postconviction review tests the legal sufficiency of the petition. Unless the petitioner's allegations are affirmatively refuted by the record, they are taken as true, and the question is whether those allegations establish or 'show' a constitutional violation. In other words, the 'substantial showing' of a constitutional violation that must be made at the second stage ([citation]) is a measure of the legal sufficiency of the petition's well-pled allegations of a constitutional violation, *which if proven at an evidentiary hearing, would entitle petitioner to relief.*" (Emphasis in original.) *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767.

¶ 25    "The question raised in an appeal from an order dismissing a postconviction petition at the second stage is whether the allegations in the petition, liberally construed in favor of the petitioner and taken as true, are sufficient to invoke relief under the Act." *People v. Sanders*, 2016 IL 118123, ¶ 31, 47 N.E.3d 237. An appellate court reviews the dismissal of a petition at the second stage *de novo*. *People v. House*, 2020 IL App (3d) 170655, ¶ 28, 152 N.E.3d 574.

¶ 26                    B. Defendant's As-Applied Challenge

- 6 -

¶ 27     OSAD first asserts no colorable claim can be made the Truth in Sentencing Act, as applied to defendant, violates his rights under the eighth amendment to the United States Constitution, which prohibits "cruel and unusual punishments" (U.S. Const., amend. VIII), or the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). A sentence violates this clause if it is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338, 781 N.E.2d 300, 307 (2002). "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." (Internal quotation marks omitted.) *People v. Gray*, 2017 IL 120958, ¶ 58, 91 N.E.3d 876. In reviewing defendant's claim, we are cognizant that "[a]ll statutes are presumed to be constitutional" and "[t]he party challenging the constitutionality of a statute has the burden of clearly establishing its invalidity." *People v. Minnis*, 2016 IL 119563, ¶ 21, 67 N.E.3d 272.

¶ 28     In support of his claim, defendant cites *Othman*, 2019 IL App (1st) 150823. In *Othman*, the First District concluded the truth-in-sentencing statute "preclude[d] [the defendant] from any possibility of early release" and was therefore unconstitutional as applied to him and similarly situated juvenile defendants because, under that statute, "those juvenile defendants cannot, under any circumstance, demonstrate their potential for rehabilitation at any time prior to the completion of their sentence." *Id.* ¶ 109. However, the portion of the *Othman* decision defendant relies on has been vacated by the supreme court (see *People v. Othman*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order); *People v. Othman*, 2020 IL App (1st) 150823-B, ¶ 5) and therefore has no precedential authority (see *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 66, 866 N.E.2d 85, 93 (2006) (stating an appellate decision vacated by the supreme court "carries no precedential weight")). We also note, shortly after *Othman* was decided, the supreme

- 7 -

court found "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) *Buffer*, 2019 IL 122327, ¶ 41.

¶ 29     Moreover, Illinois courts have repeatedly rejected similar as-applied challenges concerning the constitutionality of section 3-6-3(a)(2) of the Unified Code. See *People v. Pacheco*, 2013 IL App (4th) 110409, ¶ 60, 991 N.E.2d 896; see also *People v. Banks*, 2015 IL App (1st) 130985, ¶ 23, 36 N.E.3d 432; *People v. Cavazos*, 2015 IL App (2d) 120444, ¶ 86, 40 N.E.3d 118. In *Pacheco*, this court found the Truth in Sentencing Act not unconstitutional as applied to a juvenile offender similarly situated to defendant under the eighth amendment and proportionate penalties clause. *Pacheco*, 2013 IL App (4th) 110409, ¶ 60. There, we specifically noted the eighth amendment did not prohibit "a juvenile defendant from being subject to the same mandatory minimum sentence as an adult, unless the mandatory minimum sentence was death or life in prison without the possibility of parole." *Id.* ¶ 58.

¶ 30     Defendant was not sentenced to mandatory life without the possibility of parole. Rather, his sentence for first degree murder was just 7 years above the minimum sentence and 33 years below the maximum penalty authorized by statute. See 730 ILCS 5/5-8-1(a)(1)(a) (West 2002). The concerns expressed in *Othman* regarding the Truth in Sentencing Act are inapplicable here because defendant was sentenced to 27 years' imprisonment and, pursuant to *Buffer*, his sentence does not deny him the opportunity to demonstrate his potential for rehabilitation.

¶ 31     Because defendant's eighth amendment claim based on *Othman* fails, so does his claim under the proportionate penalties clause as "the Illinois proportionate penalties clause is co-extensive with the eighth amendment's cruel and unusual punishment clause." *People v. Patterson*, 2014 IL 115102, ¶ 106, 25 N.E.3d 526. Consequently, we agree with OSAD no

meritorious argument can be made the Truth in Sentencing Act, as applied to defendant, violates his rights under either the eighth amendment to the United States Constitution or the proportionate penalties clause of the Illinois Constitution.

¶ 32                                    C. Reasonable Assistance

¶ 33        OSAD additionally contends any argument defendant was denied the reasonable assistance of his appointed counsel would be meritless. We agree.

¶ 34        The right to counsel at the second stage of postconviction proceedings is wholly statutory, and petitioners are only entitled to the level of assistance provided for by the Postconviction Act. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) (citing *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999)). "The [Postconviction] Act provides for a reasonable level of assistance." *Id.* (citing *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992)).

¶ 35        To assure a reasonable level of assistance, Illinois Supreme Court Rule 651(c) requires that postconviction counsel (1) consults with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examine the record of the proceedings at the trial, and (3) make any amendments necessary to the *pro se* petition to adequately present petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "[T]he Illinois Supreme Court 'has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit.' " *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 30, 973 N.E.2d 960 (quoting *Suarez*, 224 Ill. 2d at 47).

¶ 36　　　　　As OSAD points out, appointed counsel filed a certificate pursuant to Rule 651(c) "indicating that he consulted with [defendant] by phone, mail, electronic means, or in person; additionally, counsel examined the trial record and made *** amendments to the *pro se* petition that were necessary for [the] adequate presentation of [defendant's] contentions." "The filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule." *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976. Nothing in the record rebuts this presumption. We therefore agree with OSAD any argument defendant was deprived the reasonable assistance of appointed counsel would be without merit.

¶ 37　　　　　　　　　　　　　　III. CONCLUSION

¶ 38　　　　　We grant OSAD's motion for leave to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 39　　　　　Affirmed.