NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 230844-U

NO. 4-23-0844

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| MICHAEL O. TURNER, | ) | No. 18CF40 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court concluded that the trial court did not err when it dismissed defendant's successive postconviction petition.

¶ 2    In August 2023, defendant, Michael O. Turner, filed his successive petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). Later in August 2023, the trial court denied defendant leave to file a successive postconviction petition and dismissed that petition.

¶ 3    Defendant appeals, arguing that the trial court erred by dismissing his successive postconviction petition. We disagree and affirm.

¶ 4                              I. BACKGROUND

¶ 5    In April 2018, the State charged defendant with unlawful possession of 15 grams or more but less than 100 grams of a substance containing heroin with the intent to deliver (720

ILCS 570/401(a)(1)(A) (West 2018)). In July 2018, a jury convicted defendant of that offense, and in August 2018, the trial court sentenced him to 20 years in prison.

¶ 6                                    A. Defendant's Initial Appeal

¶ 7        Defendant appealed, arguing that (1) the trial court did not properly question prospective jurors in accordance with the *Zehr* principles (see *People v. Zehr*, 103 Ill. 2d 472, 477 (1984)), (2) he did not receive effective assistance of counsel, (3) the State's evidence was not sufficient to convict him, and (4) the court abused its discretion by sentencing him to 20 years in prison.

¶ 8        This court rejected all of these arguments and affirmed the trial court's judgment. *People v. Turner*, 2020 IL App (4th) 180723-U, ¶ 2.

¶ 9                              B. Defendant's Initial Postconviction Petition

¶ 10        In July 2021, defendant filed a postconviction petition that the trial court advanced to the second stage. The court also appointed counsel for defendant on that petition, and postconviction counsel filed an amended petition.

¶ 11        Defendant's postconviction petition alleged that (1) he never received discovery from the State or his trial counsel, (2) he was an African-American and was tried by a Caucasian jury, (3) trial counsel provided defendant with ineffective assistance of counsel, and (4) appellate counsel was ineffective because appellate counsel did not argue that trial counsel was ineffective.

¶ 12        In November 2022, the trial court conducted a third-stage proceeding on defendant's postconviction petition, at which defendant testified, as did Woodford County Public Defender Andrew Lankford, who was defendant's lawyer during his jury trial. The trial court judge, who was also the judge who presided over defendant's jury trial, denied defendant's postconviction petition, noting that "there's no support whatsoever of any credible evidence to

support the defendant's petition."

¶ 13    Defendant appealed, and in June 2023, this court dismissed defendant's appeal because he failed to file a brief. *People v. Turner*, No. 4-22-1006 (2023) (order).

¶ 14          C. Defendant's Successive Postconviction Petition

¶ 15    In August 2023, defendant filed a successive postconviction petition, which is at issue in this appeal. Later in August 2023, the trial court entered a written order in which it denied defendant leave to file his successive postconviction petition. In that order, the court noted that even though defendant's petition was a successive petition for postconviction relief, he failed to indicate that or to file any pleading or other request seeking leave to file a successive postconviction petition. The court also noted that "the defendant does not state any reason for his failure to raise any issue in his initial petition nor does he state any prejudice resulting from that failure."

¶ 16    The trial court also noted that the issues defendant sought to raise in his August 2023 successive postconviction petition are "the same or substantially the same as those alleged in his initial petition" that defendant filed in July 2021. The court ultimately concluded that "defendant fails to meet his burden for the court to grant leave to file a successive post-conviction petition," and the court accordingly denied defendant leave to file that petition.

¶ 17    Defendant filed a notice of appeal, and the trial court, in September 2023, appointed the Office of the State Appellate Defender (OSAD) as counsel for defendant on appeal.

¶ 18    In November 2023, after defendant filed a document indicating he wished to represent himself in this appeal, OSAD made a motion to withdraw as his counsel. In January 2024, this court granted OSAD's motion and permitted defendant to proceed *pro se*.

¶ 19                              II. ANALYSIS

- 3 -

¶ 20	Defendant appeals, arguing that the trial court erred by dismissing his successive postconviction petition. We disagree and affirm.

¶ 21	Defendant's *pro se* briefs to this court are difficult to follow and are not responsive to the reasons why the trial court dismissed his successive postconviction petition. However, defendant's deficient briefs are irrelevant because his appeal is groundless.

¶ 22	As this court explained in *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 28, " '[l]eave of court may be granted [to a petitioner to file a successive postconviction petition] only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.' " (quoting 725 ILCS 5/122-1(f) (West 2012)). Because, in this appeal, defendant does not even attempt to explain how he demonstrated cause or prejudice, thereby permitting him to file a successive postconviction petition, we conclude that the trial court did not err by denying defendant leave to file that petition.

¶ 23	III. CONCLUSION

¶ 24	For the reasons stated, we affirm the trial court's judgment.

¶ 25	Affirmed.