NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250457-U

NO. 4-25-0457

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 25, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| TERRANCE L. TUSON, | ) | No. 12CF1098 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Grischow concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment, as no issue of arguable merit could be raised on appeal.

¶ 2   Defendant, Terrance L. Tuson, appeals from the trial court's denial of his motion for leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). On appeal, the Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4   The Illinois Appellate Court, Third District, has set forth the underlying facts of this case in defendant's prior appeal. See *People v. Tuson*, 2016 IL App (3d) 130861. Accordingly, we will set forth only those facts necessary to resolve the issue presented in this

case.

¶ 5     In November 2012, defendant was indicted on charges of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2010)), attempted first degree murder (*id.* §§ 8-4(a), 9-1(a)(1)), and aggravated discharge of a firearm (*id.* § 24-1.2(a)(2)) for his involvement in the shooting death of Shannon Elmore and the attempted murder of Jemeral Linwood on October 10, 2011.

¶ 6     In May 2013, the trial court vacated a trial date of June 3, 2013, after defendant's appointed counsel requested time to file a motion to suppress defendant's statements to police. After the court set trial for August 19, 2013, defendant interjected, "I refuse my continuance." Defendant claimed counsel was not working on his case and "97 days" had already passed. The court informed defendant counsel needed time to be "100 percent ready," explained it was "logical" to grant the continuance, and set the case for hearing on the motion to suppress. Following the hearing on August 1, 2013, the court denied the motion to suppress defendant's statements.

¶ 7     In August 2013, following the jury trial, defendant was found guilty of all charges. The trial court sentenced him to consecutive terms of 45 years in prison for first degree murder and 25 years in prison for attempted first degree murder. On direct appeal, defendant argued the court erred in denying his motion to suppress. The Third District affirmed. See *Tuson*, 2016 IL App (3d) 130861, ¶ 30.

¶ 8     In December 2016, defendant filed a *pro se* postconviction petition pursuant to the Act, alleging, among other things, appellate counsel was ineffective for failing to raise a speedy trial claim on appeal after defendant had objected to the continuance at 97 days. The petition was advanced to the second stage of postconviction proceedings and counsel was appointed. Postconviction counsel filed two amended petitions without the speedy trial claim.

The amended petition asserted ineffective assistance claims against trial counsel and appellate counsel on other grounds. In August 2021, the trial court dismissed defendant's amended petition at the second stage.

¶ 9　　　　In August 2022, the Third District entered a summary order affirming the trial court's dismissal and granting appellate counsel's motion to withdraw. *People v. Tuson*, No. 3-21-0428 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 10　　　　In April 2024, defendant filed a motion for leave to file a successive postconviction petition. In the motion, defendant alleged trial counsel's request for a continuance over his refusal in May 2013 violated his right to a speedy trial under the sixth amendment (U.S. Const., amend. VI) and fourteenth amendment (U.S. Const., amend. XIV). Further, defendant alleged ineffective assistance of appellate counsel for failing to raise the speedy trial violation on direct appeal. Lastly, defendant alleged his postconviction counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) where, "had counsel examined the record," he would have identified the speedy trial violation.

¶ 11　　　　In the motion, defendant acknowledged communications where appellate counsel and postconviction counsel both explained there was no viable speedy trial issue to be raised in his case. Defendant also acknowledged receiving a copy of the amended postconviction petition in September 2020, which omitted the speedy trial claim. Defendant attached to the motion a letter from appellate counsel asserting there was no speedy trial claim, along with a transcript of the May 2013 hearing and his initial *pro se* postconviction petition.

¶ 12　　　　In April 2025, the trial court issued an order denying defendant's motion for leave to file a successive postconviction petition. The court's order stated defendant's motion had "not satisfied the cause and prejudice test," nor was the motion "based on a claim of actual

innocence." The court explained the "objective factor" element required to show cause could not be satisfied "based on a review of the record."

¶ 13  Defendant appealed the trial court's denial, and OSAD was appointed to represent him. In October 2025, OSAD filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law. Defendant did not file a response.

¶ 14          II. ANALYSIS

¶ 15  OSAD contends no meritorious argument can be made the trial court erred in denying defendant's motion for leave to file a successive postconviction petition. After examining the record on appeal and OSAD's brief in support of its motion to withdraw as counsel, we agree this appeal presents no arguably meritorious issues. We therefore grant the motion to withdraw and affirm the court's judgment.

¶ 16  The Act provides a means by which criminal defendants can attack convictions based on a substantial denial of state or federal constitutional rights. *People v. Guerrero*, 2012 IL 112020, ¶ 14. The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Claims of a substantial denial of constitutional rights not raised in the initial or amended postconviction petition are waived. 725 ILCS 5/122-3 (West 2024). A defendant must obtain leave from the trial court in order to file a successive petition under the Act. *Id.* § 122-1(f).

¶ 17  To obtain leave to file a successive postconviction petition, a defendant must do one of the following: (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 459. Cause is defined as "some objective factor external to the defense" that prevented the defendant from raising the claim in an earlier proceeding. (Internal quotation marks omitted.) *Id.*

at 460. Prejudice is an error so infectious to the proceedings that the resulting conviction or sentence violates due process. *Id.* at 464. For a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause and prejudice test must be satisfied. *Guerrero*, 2012 IL 112020, ¶ 15. This court reviews *de novo* the denial of a motion for leave to file a successive postconviction petition. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 38.

¶ 18          OSAD asserts it can make no meritorious argument defendant's motion satisfied the cause and prejudice test. We agree.

¶ 19          In his motion, defendant argues his *pro se* postconviction petition raised the speedy trial claims he now wishes to raise in a successive postconviction petition. According to defendant, after postconviction counsel was appointed, he received a copy of the first amended postconviction petition in September 2020, and he "noticed" counsel "had disregarded" the claims. However, defendant's motion does not allege any actions he took to raise the speedy trial claims after noticing their omission from the first amended petition. Defendant has likewise failed to identify an objective factor which prevented him from subsequently raising the claims. See 725 ILCS 5/122-1(f) (West 2024) (to show cause, a defendant must identify an objective factor which impeded his ability to raise the claims in his initial postconviction petition).

¶ 20          Indeed, a review of the record shows defendant had multiple opportunities to raise the speedy trial issue in the postconviction proceedings that followed the first amended petition but did not. When postconviction counsel informed the trial court he was filing a second amended petition to add a separate theory at defendant's request, the court asked defendant to confirm whether he heard, understood, and agreed with the proceedings. Defendant responded affirmatively and did not inform the court of any other claims. Defendant was present at the August 2021 hearing and did not raise any objections when the court ultimately dismissed his

postconviction petition.

¶ 21    Because we find defendant did not show cause, we need not address the prejudice prong. See *Guerrero*, 2012 IL 112020, ¶ 15. Therefore, we agree with OSAD no meritorious argument can be raised the trial court erred in denying defendant's motion for leave to file a successive postconviction petition.

¶ 22                         III. CONCLUSION

¶ 23    For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 24    Affirmed.