NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180190-U

NO. 4-18-0190

IN THE APPELLATE COURT

FILED
May 5, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| VICTOR REYES, | ) | No. 97CF73 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We grant the Office of the State Appellate Defender's motion to withdraw as counsel and affirm the trial court's order dismissing defendant's postconviction petition.

¶ 2   This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel on the ground no meritorious issues can be raised in this case. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3   I. BACKGROUND

¶ 4   On direct appeal, this court set forth all the relevant facts in this case. *People v. Reyes*, No. 4-98-0787 (2000) (unpublished order under Illinois Supreme Court Rule 23). Accordingly, we recite below only those facts relevant to resolve the issues involved in this appeal.

¶ 5    On May 28, 1997, the State charged defendant, Victor Reyes, by information with first degree murder (720 ILCS 5/9-1(a)(2) (West 1996)) (count I), reckless homicide (*id.* § 9-3(a)) (count II), attempted first degree murder (*id.* § 8-4(a)) (count III), aggravated battery of a senior citizen (*id.* § 12-4.6(a)) (count IV), residential burglary (*id.* § 19-3) (count V), and theft (*id.* § 16-1(a)(1)) (count VI). (The State later moved to dismiss the reckless homicide charge.)

¶ 6    Following an August 1998 trial, a jury found defendant guilty of all counts. In October 1998, the trial court sentenced defendant to a 50-year prison term for first degree murder and a mandatory consecutive 20-year term for attempted first degree murder. The court also imposed three concurrent 5-year sentences for each of the three remaining counts.

¶ 7    Defendant appealed, arguing (1) the trial court erred by denying his motion to suppress; (2) the State failed to prove him guilty beyond a reasonable doubt of first degree murder; (3) he received ineffective assistance of counsel due to his counsel's failure to sever charges and call witnesses; (4) the prosecutor's comments during closing argument about a "reasonable person standard" for first degree murder denied him a fair trial; (5) the trial court's refusal to define reasonable doubt to the jury resulted in a denial of due process; (6) the trial court erred by finding consecutive sentences mandatory; and (7) the trial court failed to properly award sentencing credit. *Reyes*, slip order at 1-2. This court affirmed defendant's convictions and sentence and remanded with directions for the sentencing credit issue. *Id.* at 2.

¶ 8    On December 28, 2017, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2016)), alleging (1) ineffective assistance of trial counsel and (2) the first degree murder statute was facially unconstitutional. Specifically, defendant alleged he was denied the effective assistance of trial counsel when his attorney failed to object to the State's attorney's "erroneous misstatement of

the law regarding what constitute[s] the offense of reckless homicide" during closing argument. On February 23, 2018, the trial court entered a written order dismissing the petition as patently without merit.

¶ 9        Defendant appealed the trial court's summary dismissal of his postconviction petition, and OSAD was appointed to represent him on appeal. In November 2019, OSAD moved to withdraw as counsel on appeal. The record shows defendant filed a response on December 13, 2019.

¶ 10                                II. ANALYSIS

¶ 11        OSAD contends no meritorious argument can be made the trial court erred in summarily dismissing defendant's postconviction petition. We agree.

¶ 12                                A. The Act

¶ 13        The Act provides a mechanism for a criminal defendant to challenge his conviction or sentence based on a substantial violation of federal or state constitutional rights. *People v. Morris*, 236 Ill. 2d 345, 354, 925 N.E.2d 1069, 1075 (2010). Proceedings under the Act are collateral in nature and not an appeal from the defendant's conviction or sentence. *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. Once a defendant files a petition for postconviction relief, the trial court may, during this first stage of the proceedings, enter a dismissal order within 90 days if it finds the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). "A post-conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim." (Internal quotation marks omitted.) *People v. Edwards*, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).

¶ 14        "Issues that were raised and decided on direct appeal are barred by *res judicata*, and issues that could have been raised on direct appeal, but were not, are forfeited." *English*, 2013 IL 112890, ¶ 22. The doctrines of *res judicata* and forfeiture may be relaxed "where the forfeiture stems from the ineffective assistance of appellate counsel, or where the facts relating to the issue do not appear on the face of the original appellate record." *Id.*

¶ 15        We review the trial court's summary dismissal of a postconviction petition *de novo*. *Edwards*, 197 Ill. 2d at 247.

¶ 16                            B. Ineffective Assistance of Counsel

¶ 17        OSAD asserts it can make no colorable argument in support of defendant's claim of ineffective assistance of trial counsel.

¶ 18        To demonstrate ineffective assistance of counsel, a defendant must show counsel's (1) performance fell below an objective standard of reasonableness and (2) deficient performance resulted in prejudice to the defendant such that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). If a defendant fails to prove either prong of the *Strickland* test, his claim for ineffective assistance of counsel must fail. *People v. Sanchez*, 169 Ill. 2d 472, 487, 662 N.E.2d 1199, 1208 (1996). In the context of postconviction proceedings, "a petition alleging ineffective assistance may not be summarily dismissed if (i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphasis added.) *People v. Hodges*, 234 Ill. 2d 1, 17, 912 N.E.2d 1204, 1212 (2009).

¶ 19        Here, defendant alleged his trial counsel was ineffective when he failed to object to the State's "erroneous misstatement of the law regarding what constitute[s] the offense of reckless homicide" during closing argument. Defendant does not allege ineffective assistance of

his appellate counsel, and the factual basis for defendant's claim appears in the trial court record. Defendant could have raised this issue on direct appeal but did not. We therefore agree with OSAD defendant's claim is procedurally barred.

¶ 20        Even if defendant's claim were not barred, it is meritless. Defendant argues his trial counsel was ineffective for failing to object when the Morgan County State's Attorney made the following remarks during closing argument:

> "Driving blind, unable to control this vehicle, driving down the road. Now, if during this time period as you're realizing this and trying to—and trying to stop, if at that point you hit a bicyclist, then I could see at that point saying, 'Yes, guilty of reckless homicide' because you've breached that standard of care just by getting in the car in the first place but you're trying to stop.

> I can see reckless homicide at that point but, folks, what did [defendant] do? What did he do even according to his own best evidence after he found that he couldn't drive, couldn't see and couldn't control the car?

> Did he stop? No, he kept driving and driving and drove over two miles, up these roads, turning left, turning right. Up this road, continued to drive.

> Continued to drive even after he realized, according to his best evidence, that he was driving an out of control two thousand pound metal bullet straight down a two-lane road. This goes beyond being merely reckless.

> A reasonable person would know that there is a strong probability of death or great bodily harm to someone else on that road under those circumstances.

> * * *

This is not recklessness, this goes beyond recklessness. This is murder and that's the result, if you believe strictly the defendant's version in the light most favorable to him ***."

¶ 21 Improper remarks during closing argument warrant reversal only when they result in substantial prejudice to the defendant, considering the content of the language, its relationship to the evidence, and its effect on the defendant's right to a fair and impartial trial. *People v. Kliner*, 185 Ill. 2d 81, 151-52, 705 N.E.2d 850, 886 (1998). Substantial prejudice occurs when the verdict would have been different absent the improper remark. *People v. Quiroz*, 257 Ill. App. 3d 576, 585, 628 N.E.2d 542, 549 (1993). When reviewing allegations of improper closing arguments, the argument must be examined in its entirety and the complained-of comments must be placed in the proper context. *People v. Buckley*, 282 Ill. App. 3d 81, 89, 668 N.E.2d 1082, 1088 (1996). "A misstatement of the law during closing argument does not normally constitute reversible error if the circuit court properly instructs the jury on the law, as counsel's arguments are construed to carry less weight with the jury than do instructions from the circuit court." *Id.* at 89-90.

¶ 22 Here, the state's attorney's statements did not constitute a misstatement on the law of reckless homicide; rather, the State was arguing defendant's actions showed a knowing, rather than reckless, mental state.

¶ 23 Even assuming *arguendo* the state's attorney misstated the law, defendant suffered no prejudice. Following defense counsel's request for a reckless homicide jury instruction as a lesser-included offense of first degree murder, the court gave the reckless homicide instructions and properly advised the jury of the law. The trial court further instructed the jury that closing arguments do not constitute evidence. Finally, defense counsel also correctly

stated the law of reckless homicide during closing argument. Considering the State's comments in this context, it is not arguable the jury was misled on the law of reckless homicide and, but for defense counsel's failure to object to the State's alleged misstatements, the outcome of defendant's case would have been different. Accordingly, we agree with OSAD it is not arguable defendant was denied the effective assistance of counsel.

¶ 24                            C. Constitutionality of Intentional Murder Statute

¶ 25            OSAD further asserts it can make no colorable argument in support of defendant's claim the knowing first degree murder statute under which he was convicted (720 ILCS 5/9-1(a)(2) (1996)) is indistinguishable from the reckless homicide and involuntary manslaughter statute (*id.* § 9-3(a)), and therefore, the more severe penalty associated with section 9-1(a)(2) violates the due process, equal protection, and proportionate penalties clauses of the Illinois Constitution. See Ill. Const. 1970, art. I, §§ 2, 11.

¶ 26            Contrary to defendant's assertions, 720 ILCS 5/9-1(a)(2) and 720 ILCS 5/9-3(a) are separate and distinct statutes covering different offenses; 720 ILCS 5/9-1(a)(2) defines first degree murder and 720 ILCS 5/9-3(a) defines involuntary manslaughter and reckless homicide. The statutes are distinguishable because they provide different penalties and require different mental states. Moreover, neither of these statutes have been found to be facially unconstitutional. Here, the jury was instructed as to both first degree murder and reckless homicide and found defendant's actions constituted knowing first degree murder. Accordingly, we agree with OSAD defendant did not raise an arguably meritorious claim the first degree murder statute is unconstitutional.

¶ 27                            III. CONCLUSION

¶ 28    For the reasons stated, we agree no meritorious issue can be raised on appeal. We grant counsel's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 29    Affirmed.