NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230181-U

NO. 4-23-0181

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 9, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| VICTOR M. REYES, | ) | No. 97CF73 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher E. Reif, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Harris and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion to withdraw as counsel and affirmed the trial court's judgment as no issue of arguable merit could be raised on appeal.

¶ 2    Defendant, Victor M. Reyes, appeals from the trial court's denial of his motion for leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be raised. See *Anders v. California*, 386 U.S. 738 (1967). We grant OSAD's motion and affirm the court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4    On direct appeal, this court set forth all the relevant facts in this case. *People v. Reyes*, No. 4-98-0787 (2000) (unpublished order under Illinois Supreme Court Rule 23). Accordingly, we recite only those facts relevant to this appeal.

¶ 5    In May 1997, the State charged defendant by information with first degree murder (720 ILCS 5/9-1(a)(2) (West 1996)) (count I), reckless homicide (*id.* § 9-3(a)) (count II), attempted first degree murder (*id.* § 8-4(a), 9-1(a)(1)) (count III), aggravated battery of a senior citizen (*id.* § 12-4.6(a)) (count IV), residential burglary (*id.* § 19-3) (count V), and theft (*id.* § 16-1(a)(1)) (count VI). (The State later moved to dismiss the reckless homicide charge.)

¶ 6    Following an August 1998 trial, a jury found defendant guilty of all counts. In October 1998, the trial court sentenced defendant to a 50-year prison term for first degree murder and a mandatory consecutive 20-year term for attempted first degree murder. The court also imposed three concurrent five-year sentences for each of the three remaining counts. In January 2000, on direct appeal, this court affirmed defendant's convictions and sentences but remanded with directions for the sentencing judgment to be amended to reflect 484 days' sentence credit. *Reyes*, slip order at 1-2, 33-34.

¶ 7    In December 2017, defendant *pro se* filed a petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), arguing (1) ineffective assistance of trial counsel and (2) the first degree murder statute was facially unconstitutional. Specifically, defendant contended he was denied the effective assistance of trial counsel when his attorney failed to object to the State's attorney's "erroneous misstatement of the law regarding what constitute[s] the offense of reckless homicide" during closing argument. In February 2018, the trial court entered a written order dismissing the petition as patently without merit. In May 2020, this court affirmed. *People v. Reyes*, 2020 IL App (4th) 180190-U, ¶ 28.

¶ 8    In January 2023, defendant filed a motion for leave to file a successive postconviction petition, a supporting memorandum, and the proposed successive petition.

Defendant argued both his trial and appellate counsel were ineffective for their alleged failure to adequately investigate his "background." Specifically, defendant maintained they failed to investigate the implications of his mental health condition as it related to his legal responsibility for his crimes. Defendant also argued his trial counsel provided ineffective assistance in failing to adequately consult or communicate with him before trial and in failing to answer or return the phone calls of an eyewitness, Tina Houston, who could have contradicted the testimony of other eyewitnesses. (According to the petition and an attached affidavit from Houston, Houston, in the one conversation she was able to have with defendant's trial counsel, told counsel defendant wanted to speak with him but had been unsuccessful in doing so.) Defendant additionally argued statements he gave to law enforcement officers while at Passavant Area Hospital should have been suppressed because the officers continued to question him after he requested an attorney.

¶ 9    The trial court denied defendant's motion, concluding defendant raised these claims earlier in the case, including in his initial postconviction petition. The court also found defendant had "failed to meet his burden of showing cause and prejudice or claim of actual innocence."

¶ 10    In February 2023, defendant filed a motion to reconsider. Defendant asserted he only needed to establish the "gist" of a constitutional claim. Defendant also cited cases pertaining to a claim of actual innocence due to newly discovered evidence. However, defendant did not specify any newly discovered evidence in his case. The trial court denied defendant's motion, concluding it contained new allegations or arguments and nothing in the motion supported reconsideration of the court's earlier decision.

¶ 11    In March 2023, defendant appealed the denial of his motion for leave to file a successive postconviction petition and the denial of his motion to reconsider. OSAD was

appointed to represent defendant on appeal. In August 2023, OSAD filed a motion for leave to withdraw as counsel on the ground the appeal presented no potentially meritorious issues for review. We granted defendant leave to file a response on or before September 15, 2023. Defendant has not done so.

¶ 12                                   II. ANALYSIS

¶ 13          OSAD contends no meritorious argument can be made on appeal the trial court erred in denying defendant leave to file a successive postconviction petition. We agree.

¶ 14                     A. Applicable Law and Standard of Review

¶ 15          The Act provides a means to collaterally attack a criminal conviction based on a substantial denial of a defendant's state or federal constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). A proceeding under the Act is a collateral proceeding and not an appeal from the defendant's conviction and sentence. *People v. Beaman*, 229 Ill. 2d 56, 71, 890 N.E.2d 500, 509 (2008). The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456, 793 N.E.2d 609, 619 (2002). A defendant must obtain leave from the trial court in order to file a successive petition under the Act. 725 ILCS 5/122-1(f) (West 2022).

¶ 16          To obtain leave to file a successive postconviction petition, a defendant must do one of the following: (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 459. Cause is defined as "some objective factor external to the defense" that prevented the defendant from raising the claim in an earlier proceeding. (Internal quotation marks omitted.) *Id.* at 460. Prejudice is an error so infectious to the proceedings that the resulting conviction or sentence violates due process. *Id.* at 464. We review *de novo* the denial of a motion for leave to

- 4 -

file a successive postconviction petition. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 38, 38 N.E.3d 1256.

¶ 17                               B. Cause and Prejudice Test

¶ 18         OSAD first contends it can make no meritorious argument on appeal as defendant did not plead, and cannot satisfy, the cause and prejudice test. We agree.

¶ 19         In his initial postconviction petition, defendant asserted the ineffectiveness of his trial counsel for failing to object to a misstatement of the law before the jury and asserted the facial unconstitutionality of the first degree murder statute. In his successive petition, defendant raised the issues of the need for his statements to law enforcement officers while in the hospital to have been suppressed, the ineffectiveness of his trial and appellate counsel, and the failure of trial counsel to interview either Tina Houston or the eyewitnesses mentioned in the police reports. As for the issues of trial and appellate counsels' ineffectiveness and trial counsel's failure to interview various people, defendant has provided no explanation for why he did not raise them in his initial petition. In particular, he has not explained any "objective factor external to the defense" preventing him from raising them in his initial petition. (Internal quotation marks omitted.) *Pitsonbarger*, 205 Ill. 2d at 460. Those issues pertained to matters which would have been known to defendant at the time he filed his initial petition. Defendant therefore cannot establish cause for failing to raise them in his initial petition. It is unnecessary to separately consider whether defendant can establish prejudice. See *People v. Brown*, 225 Ill. 2d 188, 207, 866 N.E.2d 1163, 1174 (2007) ("Because both cause and prejudice must be shown under *Pitsonbarger* [citation], defendant's failure to establish cause is sufficient to preclude him from attacking his sentence through successive postconviction proceedings.").

¶ 20 Moreover, issues adjudicated on direct appeal or in a previous collateral proceeding are barred by *res judicata*, and issues that could have been raised, but were not, are forfeited. *People v. Tate*, 2012 IL 112214, ¶ 8, 980 N.E.2d 1100. In denying defendant's pretrial motion to suppress his statements in the hospital, the trial court determined defendant was not in custody for *Miranda* purposes. *Reyes*, slip order at 13. See *Miranda v. Arizona*, 384 U.S. 436 (1966). The court therefore had no occasion to address the voluntariness of the ultimately unnecessary *Miranda* waiver. *Reyes*, slip order at 13. On direct appeal, defendant asserted his statements should have been suppressed specifically because his physical condition while in the hospital rendered them involuntary. *Id.* at 12. The State argued such contention was forfeited for not having been the basis of defendant's suppression motion. *Id.* This court agreed. *Id.* at 13. Before both the trial court, in his successive petition, and this court, defendant attempts to assert yet another basis for the suppression of his statements at the hospital not raised in the trial court—namely, they should have been suppressed because the officers continued questioning him after he requested an attorney. Because the suppression issue was adjudicated on direct appeal, consideration of his new suppression argument is barred by *res judicata*.

¶ 21 C. Actual Innocence Claim

¶ 22 OSAD next contends it can make no meritorious argument on appeal as defendant has not raised a claim of actual innocence. We agree.

¶ 23 To set forth a claim of actual innocence in a successive postconviction petition:

"[T]he supporting evidence must be (1) newly discovered, (2) material and not cumulative, and (3) of such conclusive character that it would probably change the result on retrial. [Citations.] Newly discovered evidence is evidence that was discovered after trial and that the petitioner

- 6 -

could not have discovered through the exercise of due diligence.

[Citation.] Evidence is material if it is relevant and probative of the

petitioner's innocence. [Citation.] Noncumulative evidence adds to the

information that the fact finder heard at trial. [Citation.] Lastly, the

conclusive character element refers to evidence that, when considered

along with the trial evidence, would probably lead to a different result.

[Citation.]" *People v. Robinson*, 2020 IL 123849, ¶ 47, 181 N.E.3d 37.

¶ 24 In his motion to reconsider, and not in his successive petition, defendant cited various cases addressing the subject of newly discovered evidence for a claim of actual innocence. However, defendant did not explain what, if any, newly discovered evidence supported an actual innocence claim. This is so even if we interpret those references to argue actual innocence in his successive petition.

¶ 25 In sum, we agree with OSAD no meritorious argument can be made the trial court erred in denying defendant leave to file a successive postconviction petition.

¶ 26 III. CONCLUSION

¶ 27 We grant OSAD's motion for leave to withdraw and affirm the trial court's judgment.

¶ 28 Affirmed.