NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180027-U

No. 4-18-0027

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 13, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JOHNNIE LEE BANKSTON, | ) | No. 13CF1045 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed the trial court's judgment denying defendant relief on his second amended postconviction petition, concluding defendant failed to make a substantial showing of a constitutional violation.

¶ 2    Defendant, Johnnie Lee Bankston, appeals from the trial court's judgment denying him relief on his second amended postconviction petition following a third-stage evidentiary hearing. Defendant argues, contrary to the finding of the trial court, he made a substantial showing his guilty plea was not knowingly and voluntarily made due to the ineffective assistance he received from his trial counsel. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Indictment

¶ 5    In August 2013, the State charged defendant by information with three counts of

aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(3) (West 2012)) (counts I through III) and three counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(1) (West 2012)) (counts IV through VI). That same month, counsel was appointed to represent defendant, and the information was superseded by indictment.

¶ 6                                B. Plea Hearing

¶ 7        At a February 2014 hearing, the parties indicated they reached a fully negotiated plea agreement. As part of the agreement, defendant would plead guilty to counts I and II in exchange for the State moving to dismiss the remaining counts and recommending defendant be sentenced to two consecutively imposed terms of 10 years' imprisonment.

¶ 8        The trial court admonished defendant as to the charges and the possible penalties to which he desired to plead. Defendant indicated he understood. The court admonished defendant as to the rights he was giving up if he pleaded guilty. Defendant indicated he understood. The court questioned defendant if it was his decision alone to plead guilty. Defendant indicated it was. Defendant expressed his desire to plead guilty to counts I and II of the indictment.

¶ 9        The State provided the following factual basis in support of the plea:

            "Your Honor, if this matter were to proceed to hearing the
            State would present evidence by way of testimony and also various
            exhibits. Testimony from [J.P.], the victim, in this case, would be
            that the defendant came into her bedroom on [August 6, 2013], that
            he asked her to lay back, that he took her clothes off, that he began
            touching her in various ways, that she asked him to stop, and that he
            continued. That he inserted [his] penis into her vagina, and at one

point rolled her over and inserted [his] penis into her anus. That during these things when she asked him to stop, he told her that if she spoke or made any sounds, or talked about it that he would kill her mother. That thereafter the defendant left the room. [J.P.] was taken to the hospital. Hours later a sex assault kit was performed. We would offer testimony by the individual that conducted that sex assault kit, and individuals from the Illinois State police crime lab in Morton that analyzed the specimens on those. Testimony would be in the evidence—in report form would show that [semen] was recovered from a vaginal swab that did show positive for [semen], that the compared analysis of that swab matched the defendant. The probability of it not being *** him were one in 5.2 quintillion of males."

Defendant stipulated to the factual basis provided and to the fact the incident occurred in McLean County.

¶ 10        The trial court received a written plea of guilty and a written waiver of trial by jury. The court questioned defendant if he understood the terms of the plea agreement. Defendant indicated he did. The court questioned defendant if he authorized his attorney to negotiate the plea agreement. Defendant indicated he did. Defendant waived his right to a presentence investigation and written report.

¶ 11        The trial court accepted defendant's plea, finding it to be knowingly and voluntarily made and supported by the factual basis provided. The court sentenced defendant as recommended

in the plea agreement and dismissed the remaining charges.

¶ 12       After rendering its sentence, the trial court admonished defendant as to his appellate rights. Defendant indicated he understood his rights. Defendant did not file a motion to withdraw his guilty plea or a notice of appeal.

¶ 13                    C. Second Amended Postconviction Petition

¶ 14       In August 2015, defendant filed a *pro se* postconviction petition. The trial court advanced defendant's petition to the second stage of postconviction proceedings and appointed counsel to represent defendant. Defendant, through appointed counsel, filed an amended postconviction petition, which was amended a second time. In the second amended postconviction petition, defendant alleged, amongst other claims, his plea was not knowingly and voluntarily made due to the ineffective assistance he received from his trial counsel. In part, defendant alleged his counsel provided ineffective assistance in that she told him if his case advanced to trial she would not present the evidence he requested indicating the victim's mother was with him at a motel when he was arrested and then later deposited $50 into his inmate fund account. Defendant asserted the requested evidence was critical to impeaching the credibility of the victim's mother, a "material witness" against him.

¶ 15                         D. Evidentiary Hearing

¶ 16       In November 2016, the trial court conducted a third-stage evidentiary hearing on defendant's second amended postconviction petition. The following is gleaned from the evidence and arguments presented as it relates to the issues raised in this appeal.

¶ 17       It was undisputed defendant and his trial counsel discussed prior to the entry of the guilty plea the evidence indicating the victim's mother was with defendant when he was arrested

and then later gave him money while he was incarcerated. Defendant testified he requested his counsel to present said evidence at trial because he knew the victim's mother was a "potential witness" and the evidence showed she "was not credible." Defendant's counsel, according to defendant, told defendant she would not present the evidence at trial as "she can't do nothing with them" and "it is not going to matter." Defendant further testified, but for his counsel's refusal to present said evidence, he would not have pleaded guilty. In response, defendant's trial counsel initially testified she told defendant the evidence concerning the victim's mother would have "no evidentiary value" to his case. Counsel later testified she told defendant the evidence would have "very little or no value pertaining to the charges." Counsel acknowledged on cross-examination the victim's mother was a "named witness on the State's discovery."

¶ 18　　　　Defendant, through his appointed postconviction counsel, argued his guilty plea was not knowingly and voluntarily made due to the ineffective assistance he received from his trial counsel. Specifically, defendant argued his counsel rendered ineffective assistance in that she refused to present the evidence concerning the victim's mother based on her erroneous conclusion it had no evidentiary value. In response, the State argued defendant failed to make a substantial showing of a constitutional violation.

¶ 19　　　　After considering the evidence and arguments presented, as well as the second amended postconviction petition which had attached thereto the transcript of the plea hearing, the trial court denied defendant relief on his second amended postconviction petition, finding he failed to make a substantial showing of a constitutional violation. Defendant later filed a motion to reconsider, which the court denied after a hearing.

¶ 20　　　　This appeal followed.

¶ 21                                    II. ANALYSIS

¶ 22            On appeal, defendant argues the trial court erred in denying him relief on his second

amended postconviction petition as he made a substantial showing his guilty plea was not

knowingly and voluntarily made due to the ineffective assistance he received from his trial counsel.

Specifically, defendant contends his trial counsel's refusal to present the evidence concerning the

victim's mother at a trial was based on her erroneous legal determination that such evidence would

have no evidentiary value and, but for counsel's refusal to present such evidence, he would not

have pleaded guilty. The State maintains defendant failed to make a substantial showing of a

constitutional violation.

¶ 23            The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2014))

"provides a mechanism by which a criminal defendant can assert that his conviction and sentence

were the result of a substantial denial of his rights under the United States Constitution, the Illinois

Constitution, or both." *People v. English*, 2013 IL 112890, ¶ 21, 987 N.E.2d 371. The adjudication

of a postconviction petition follows a three-stage process. *People v. Allen*, 2015 IL 113135, ¶ 21,

32 N.E.3d 615. Where a petition advances to the third stage of postconviction proceedings, the

trial court conducts an evidentiary hearing, where fact-finding and credibility determinations may

be involved. *People v. Pendleton*, 223 Ill. 2d 458, 472-73, 861 N.E.2d 999, 1008 (2006). At the

third stage, "the defendant bears the burden of making a substantial showing of a constitutional

violation." *Id.* at 473.

¶ 24            A challenge to a guilty plea based on an allegation of ineffective assistance of

counsel is subject to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*People v. Hall*, 217 Ill. 2d 324, 334-35, 841 N.E.2d 913, 920 (2005). Under *Strickland*, the

defendant must establish (1) counsel's performance fell below an objective standard of reasonableness and (2) the substandard performance resulted in prejudice. *Id.* at 335. The failure to satisfy either the deficiency prong or the prejudice prong precludes a finding of ineffective assistance of counsel. *Strickland*, 466 U.S. at 697; *People v. Houston*, 226 Ill. 2d 135, 144-45 (2007). Here, it is unnecessary to address the deficiency prong of defendant's ineffective assistance of counsel claim, as we find he cannot establish prejudice. See *People v. Hale*, 2013 IL 113140, ¶ 17, 996 N.E.2d 607 (acknowledging a court "may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance").

¶ 25　　　　To satisfy the prejudice prong of an ineffective assistance of counsel claim under the circumstances presented, "the defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *Hall*, 217 Ill. 2d at 335. It is not enough for a defendant to simply testify he or she would have pleaded not guilty and insisted on a trial if counsel had not been deficient. *Id.* Rather, the defendant must present a claim of actual innocence or articulate a plausible defense which could have been raised at trial. *Id.* at 335-36. Whether counsel's deficient representation caused the defendant to plead guilty "depends in large part on predicting whether the defendant likely would have been successful at trial." *Id.* at 336.

¶ 26　　　　Here, defendant did not present a claim of actual innocence. The factual basis of the plea agreement makes clear the State could present sufficient evidence to establish the requisite elements of the charged offenses. Defendant also did not articulate a plausible defense. The factual basis of the plea agreement indicates the State could prove the charged offenses without presenting any testimony from the victim's mother. Defendant's testimony that he would have pleaded not

guilty and insisted on going to trial had his counsel not been deficient is, by itself, insufficient to establish prejudice. As the trial court concluded, defendant was not entitled to any relief on his second amended postconviction petition as he failed to make a substantial showing of a constitutional violation.

¶ 27                                    III. CONCLUSION

¶ 28          We affirm the trial court's judgment.

¶ 29          Affirmed.