NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241345-U

NO. 4-24-1345

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 4, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JOHNNIE BANKSTON, | ) | No. 13CF1045 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted the Office of the State Appellate Defender's motion
            to withdraw as counsel and affirmed the trial court's judgment, as no issue of
            arguable merit could be raised on appeal.

¶ 2        Defendant, Johnnie Bankston, appeals from the trial court's denial of his motion

for leave to file a successive postconviction petition under the Post-Conviction Hearing Act

(Act) (725 ILCS 5/122-1 *et seq.* (West 2024)). On appeal, the Office of the State Appellate

Defender (OSAD) moves to withdraw as counsel on the ground no issue of arguable merit can be

raised. Defendant has filed a response to OSAD's motion. We grant OSAD's motion and affirm

the trial court's judgment.

¶ 3                                I. BACKGROUND

¶ 4        This court has set forth the underlying facts of this case in defendant's prior

appeals. See *People v. Bankston*, 2020 IL App (4th) 180027-U; *People v. Bankston*, 2022 IL App

(4th) 200534-U. Accordingly, we will set forth only those facts necessary to resolve the issue presented in this case.

¶ 5   In February 2014, defendant pleaded guilty to two counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(3) (West 2012)). In exchange, the State agreed to the dismissal of the remaining charges and a sentence of two consecutive terms of 10 years' imprisonment. Judge Charles M. Feeney, the trial court judge, sentenced defendant consistent with his plea agreement. Defendant did not file a motion to withdraw his plea or a direct appeal.

¶ 6   In August 2015, defendant filed a postconviction petition pursuant to the Act, which the trial court dismissed following a third-stage evidentiary hearing. This court affirmed the trial court's judgment. See *Bankston*, 2020 IL App (4th) 180027-U, ¶ 28.

¶ 7   In December 2019, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401) (West 2018)). After a hearing in October 2020, the trial court granted the State's motion to dismiss the petition. This court affirmed the trial court's judgment. See *Bankston*, 2022 IL App (4th) 200534-U, ¶ 22.

¶ 8   In March 2024, defendant filed a motion for leave to file a successive postconviction petition. The motion alleged in October 2022, defendant learned Judge Feeney was an associate judge, who "had no jurisdiction authority to sentence [him]." When "Judge Feeney was assign[ed]" to his case, defendant "wasn't notified nor consented to [an] associate[ ] judge [being] appointed." According to defendant, Judge Feeney "had no jurisdiction to rule" on his initial postconviction petition and other filings because of the "conflict of interest" created when the associate judge illegally accepted his plea and sentenced him. Defendant attached to the motion Judge Feeney's signed oath of office from 2014 and 2016, as well as the 2011 order

- 2 -

appointing Judge Feeney as an associate judge.

¶ 9        The motion also alleged defendant's constitutional rights were violated when (1) a previous judge issued his arrest warrant based on probable cause and the State did not support the complaint "with an affidavit describing anything (person, property, etc.)" and (2) after being arrested on the warrant, defendant was taken to the Sangamon County jail and then the McLean County jail where, collectively, he was held for more than 48 hours without being arraigned.

¶ 10       On July 2, 2024, the trial court denied defendant's motion for leave to file a successive postconviction petition. In its written order, the court noted only the first claim, defendant learning he was sentenced by an "associate judge," purported to establish "cause" based on newly discovered information. However, the "associate judge" claim did not actually establish "cause" because no objective factor prevented defendant from learning this information earlier. Further, defendant did not establish "prejudice" because Judge Feeney was specifically authorized to hear felony cases. The court elaborated:

> "It is a matter of record in M.R. 9436, that on July 1, 2011 for the period of July 1, 2011 until June 30, 2015, Chief Justice of the Illinois Supreme Court Thomas Kilbride on behalf of the Supreme Court ordered that this judge have the authority to hear felony cases."

¶ 11       The order explained article VI, section 8 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 8) provides for associate judges, and the version of Illinois Supreme Court Rule 295 (eff. May 28, 1975) in effect when defendant pleaded guilty describes the circumstances when associate judges may preside over felony cases as follows:

> "Upon a showing of need presented to the supreme court by the chief judge of a circuit, the supreme court may authorize the chief judge to make temporary

assignments of individual associate judges to conduct trials of criminal cases in which the defendant is charged with an offense punishable by imprisonment for more than one year."

¶ 12 The trial court also found the other allegations in defendant's motion were known to defendant at the time he filed his initial postconviction petition, and therefore, "the defendant [had] not stated any cause" for not raising the issues earlier. Further, defendant could not establish "prejudice" when (1) arrest warrant applications did not require affidavits (see 725 ILCS 5/107-9 (West 2012)) and (2) no strict 48-hour rule applied to a person arrested on a warrant in one county and transported to another (see 725 ILCS 5/109-2(a) (West 2012)). According to the court, even if it accepted "for the purposes of [the] ruling that the [unnecessary] delay was in violation of the statute, the defendant assert[ed] no prejudice to him as a result of such a delay."

¶ 13 Defendant appealed the trial court's denial, and OSAD was appointed to represent him. In February 2025, OSAD filed a motion for leave to withdraw as defendant's counsel and attached a supporting memorandum of law. Defendant filed response, urging this court to strike OSAD's motion and appoint him a new attorney.

¶ 14                                   II. ANALYSIS

¶ 15 OSAD contends no meritorious argument can be made the trial court erred in denying defendant's motion for leave to file a successive postconviction petition. After examining the record on appeal, the motion to withdraw, OSAD's brief in support of its motion, and defendant's response, we agree this appeal presents no arguably meritorious issues. We therefore grant the motion to withdraw and affirm the court's judgment.

¶ 16 The Act provides a means by which criminal defendants can attack convictions

based on a substantial denial of state or federal constitutional rights. *People v. Guerrero*, 2012 IL 112020, ¶ 14. The Act contemplates the filing of only one postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Claims of a substantial denial of constitutional rights not raised in the initial or amended postconviction petition are waived. 725 ILCS 5/122-3 (West 2024). A defendant must obtain leave from the trial court in order to file a successive petition under the Act. *Id.* § 122-1(f).

¶ 17        To obtain leave to file a successive postconviction petition, a defendant must do one of the following: (1) show cause and prejudice for the failure to raise a claim in his or her earlier petition or (2) set forth a colorable claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 459. Cause is defined as "some objective factor external to the defense" that prevented the defendant from raising the claim in an earlier proceeding. (Internal quotation marks omitted.) *Id.* at 460. Prejudice is an error so infectious to the proceedings that the resulting conviction or sentence violates due process. *Id.* at 464. For a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause and prejudice test must be satisfied. *Guerrero*, 2012 IL 112020, ¶ 15. This court reviews *de novo* the denial of a motion for leave to file a successive postconviction petition. *People v. Crenshaw*, 2015 IL App (4th) 131035, ¶ 38.

¶ 18        OSAD asserts it can make no meritorious argument defendant's motion satisfied the cause and prejudice test. We agree.

¶ 19        Defendant's motion alleged (1) an associate judge illegally presided over his case, (2) his arrest warrant illegally lacked an affidavit, and (3) he was illegally held for more than 48 hours without being arraigned. For all three claims, defendant has not shown cause by identifying any objective factor which impeded his ability to raise these specific claims in his initial postconviction petition. See 725 ILCS 5/122-1(f) (West 2024). The only potential cause

defendant raised in his motion was learning of Judge Feeney's associate judge status in October 2022. Our supreme court has held that subjective ignorance of the law is not an objective factor constituting cause for a defendant's failure to raise a constitutional claim in his initial postconviction petition. *People v. Evans*, 2013 IL 113471, ¶ 13. Nothing prevented defendant from discovering or raising Judge Feeney's "associate judge" status earlier. Likewise, defendant could have challenged in his initial postconviction petition (1) his arrest warrant's lack of an affidavit and (2) the length of his detainment. Defendant's lack of knowledge was therefore not an objective factor external to the defense. See *People v. Jones*, 2013 IL App (1st) 113263, ¶ 25 ("Merely failing to recognize your claim cannot be an objective factor external to the defense that prevents one from bringing the claim in the initial postconviction petition.").

¶ 20    Because we find defendant did not show cause, we need not address the prejudice prong. *Guerrero*, 2012 IL 112020, ¶ 15. Therefore, we agree with OSAD no meritorious argument can be raised the trial court erred in denying defendant's motion for leave to file a successive postconviction petition.

¶ 21                    III. CONCLUSION

¶ 22    For the reasons stated, we grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 23    Affirmed.